```
                    UNITED STATES DISTRICT COURT              FILED
                     DISTRICT OF SOUTH DAKOTA                MAR    2010
                       SOUTHERN DIVISION
```


****************************************************************************

| | | |
|---|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | * * * | CIV 09-4053 |
| Plaintiff, | * * | MEMORANDUM OPINION AND ORDER DENYING |
| vs. | * * | MOTIONS FOR DEFAULT JUDGMENT |
| CLARA INES VENEGAS GONZALES and ANA JULIA YEPEZ FREIRE, | * * * | |
| Defendants. | * * | |

****************************************************************************

Defendant Clara Ines Venegas Gonzales (Gonzales), has moved this Court pursuant to Rule 55(a) and Rule 55(b)(2) of the Federal Rules of Civil Procedure for a hearing and an Entry of Default and Default Judgment in favor of Gonzales and against Defendant Ana Julia Yepez Freire in this interpleader action, directing that the Plaintiff pay to Gonzales the proceeds of the life insurance contract which is the subject of the Complaint. Doc. 19. Gonzales later withdrew her request for hearing and requested that the Court direct the Clerk to enter judgment in her favor. Doc. 24.

Defendant Ana Julia Yepez Freire, who resides in Ecuador, responded to Gonzales' motion by submitting a letter requesting "more time to file the papers forms that the court requires." Doc. 28. In this letter Yepez Freire indicated that she had been acting under advice from others that the parties try to reach an agreement as to the life insurance proceeds in issue.

The Court cites with approval the following view on resolving motions for default judgment:

> Under modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party. The reason for this attitude is that contemporary procedural philosophy encourages trial on the merits. Defaults especially are disfavored in certain actions. One general class of cases of this type consists of actions involving material issues of fact. Another is litigation in which substantial amounts of money are involved.

10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2681 (3d ed. 2009)(footnotes omitted).

This interpleader action involves material issues of fact and a substantial amount of money. The late filing of this pro se defendant's answer did not substantially delay the progress of this action. Yepez Freire was apparently represented by her brother in a telephone conference for the purpose of conferring on the Form 52 Report. In addition, the Court recently ordered that Plaintiff Midland National Life Insurance Company amend its complaint to include the contingent beneficiaries of the life insurance policy as defendants, and so now all parties will be responding to an altered legal landscape.

In her letter requesting additional time to file her answer to the Complaint, Yepez Freire represented that she would be hiring a lawyer to represent her in this action. Doc. 28. Since the filing of that letter, Venegas has filed a cross claim against Yepez Freire (Doc. 46). Also, the addition of the contingent beneficiaries as defendants raises some choice of law issues which make the litigation more complex than it was originally. The Court strongly recommends that Yepez Freire follow through with her stated intention to retain counsel in this matter.

With regard to the motions before this Court,

**IT IS ORDERED** that Gonzales' motions for default judgment (Doc. 19 and 24) are denied.

Dated this 5th day of March, 2010.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY */s/ Jackie Meisenheimer*
Deputy