UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | CIV 09-4053 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT |
| vs. | |
| CLARA INES VENEGAS GONZALES, JORGE ALBERTO AVILA VENEGAS, SANTIAGO AVILA VENEGAS, NICOLAS AVILA VENEGAS, and ANA JULIA YEPEZ FREIRE, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants Clara Ines Venegas Gonzales, Jorge Alberto Avila Venegas, Santiago Avila Venegas, and Nicolas Avila Venegas moved for an Order granting partial summary judgment in their favor and awarding to Clara Ines Venegas Gonzales the proceeds of the life insurance policy in issue. Alternatively, these Defendants requested that if the Court find that Clara Ines Venegas Gonzales is not entitled to the proceeds of the life insurance policy, the Court award the proceeds to Jorge Alberto Avila Venegas, Santiago Avila Venegas, and Nicolas Avila Venegas, as the contingent beneficiaries under the policy in issue. Doc. 63. Defendant Ana Yepez Freire did not respond to the April 1, 2010 motion for partial summary judgment. Because the motions and pretrial hearing and trial date were approaching, this Court issued an Order on June 8, 2010, advising Defendant Ana Yepez Freire that if she were to fail to appear at the June 21, 2010 motions and pretrial hearing or if she were to fail to have counsel who is authorized to practice law before this Court appear on her behalf, judgment would be entered against her on the motion for partial summary judgment.

The Clerk mailed the Court's June 8, 2010 Order to Defendant Ana Yepez Freire's address in Ecuador. Counsel for Defendants Clara Ines Venegas Gonzales, Jorge Alberto Avila Venegas, Santiago Avila Venegas, and Nicolas Avila Venegas advised the Court at the motions and pretrial hearing that she had E-mailed the June 8, 2010 Order to Defendant Ana Yepez Freire's E-mail

address shortly after the issuance of the Order. Although the Order advising the need for an appearance was forwarded to Defendant AnaYepez Freire, neither she nor a representative for her contacted the Court or appeared at the motions and pretrial hearing.

The amendment to FED. R. CIV. P. 56( c), which became effective December 1, 2009, requires a response to a summary judgment motion within twenty-one days of service. FED. R. CIV. P. 56(e) provides that if a party fails to respond to a summary judgment motion, "summary judgment should, if appropriate, be entered against that party." In addition, according to local rule, any material fact submitted by a movant will be deemed admitted unless controverted by the opposing party. *See* D.S.D. Civ. LR 56. But a failure to respond to a summary judgment motion may not automatically compel a resolution in favor of a moving party. This Court will determine, based on the record before it, whether the entry of summary judgment is appropriate. *See Mack v. Dillon*, 594 F.3d 620, 622-23 (8th Cir. 2010)(applying FED. R. CIV. P. 56( c) before the December 1, 2009 amendment, when FED. R. CIV. P. 56 "clearly command[ed] that nonmoving party need not respond to summary judgment motion unless moving party discharges initial burden"). A review of the record in this case supports the entry of partial summary judgment to the extent that the Court has determined that Defendant AnaYepez Freire is not entitled to the proceeds of the life insurance policy in issue.

The life insurance policy issued by Midland Insurance lists Clara Ines Venegas Gonzales as the primary beneficiary to the proceeds of the life insurance policy held by Jorge Avila-Leal, and lists Jorge Alberto Avila Venegas, Santiago Avila Venegas, and Nicolas Avila Venegas, as the contingent beneficiaries. Clara and Juorge were divorced years after the policy was issued. Defendant AnaYepez Freire was Jorge's common law wife at the time of his death. Jorge's life insurance policy provides that the owner of the policy may change the Beneficiary of the policy while the Insured is alive and that such a change "will take effect only after we receive your written request in a form approved by us." Jorge Avila-Leal clearly knew the beneficiary designation requirements of his life insurance policy and how to cause a change in beneficiary designation as Jorge added his youngest son, Nicolas Avila Venegas, as an additional contingent beneficiary as Nicolas was born after the policy went into effect. Midland Insurance received a request to change the beneficiary from Clara to Ana after, not before, Jorge's death. The request, a letter purportedly written by Jorge five months before his death, was not on Midland Insurance's Beneficiary Change

Request form. The facts, even viewed in the light most favorable to Defendant AnaYepez Freire, do not support her position that she is the primary beneficiary of Jorge's policy. Accordingly,

> **IT IS ORDERED** that the motion for partial summary judgment is granted to the extent that the Court has determined that Defendant AnaYepez Freire is not entitled to the proceeds of Jorge Avila-Leal's life insurance policy.

Dated this 23rd day of June, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY _____
Deputy