

**FILED**

MAR 3 0 2011

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | * | CIV 09-4053 |
| | * | |
| Plaintiff, | * | MEMORANDUM OPINION AND |
| | * | ORDER DISMISSING CROSSCLAIMS |
| | * | |
| CLARA INES VENEGAS GONZALES | * | |
| JORGE ALBERTO AVILA VENEGAS, | * | |
| SANTIAGO AVILA VENEGAS, | * | |
| NICOLAS AVILA VENEGAS, | * | |
| and ANA JULIA YEPEZ FREIRE, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Midland National Life Insurance Company brought an action for interpleader relief pursuant to Rule 22 of the Federal Rules of Civil Procedure against Clara Ines Venegas Gonzales and Ana Julia Yepez Freire concerning the proceeds of Jorge Avil-Leal's life insurance policy. Doc. 1. Defendant Clara Ines Venegas Gonzales is a resident and citizen of the Republic of Colombia. Defendant Ana Julia Yepez Freire is a resident and citizen of the Republic of Ecuador. Defendant Clara Ines Venegas Gonzales brought a crossclaim against Defendant Ana Julia Yepez Freire for deceit and intentional interference with business relations. Doc. 46. Midland National Life Insurance Company then filed an Amended Complaint for Interpleader Relief which named Jorge Alberto Avila-Venegas, Santiago Avila-Venegas, and Nicolas Avila-Venegas as additional defendants. Doc. 56. These additional defendants are residents and citizens of the Republic of Colombia. These additional defendants also brought a crossclaim against Defendant Ana Julia Yepez Freire for deceit and intentional interference with business relations[1]. Doc. 58.

On June 23, 2010, this Court issued its Memorandum Opinion and Order granting partial summary judgment to the extent that the Court determined that Defendant Ana Yepez Freire was not entitled to the proceeds of Jorge Avil-Leal's life insurance policy with Midland National Life Insurance Company. Doc. 78. All the Defendants other than Ana Yepez Freire then stipulated that the proceeds of the life insurance policy in issue in this interpleader action should be awarded to

---

[1]These Defendants have moved for a default judgment on their counterclaim. Doc. 74.

Defendant Clara Ines Venegas Gonzales. Doc. 80. The Court then issued a Judgment in accordance with the Joint Stipulation for Payment of Insurance Proceeds and granted Midland National Life Insurance Company's Motion for Entry of a Final Decree of Interpleader. Doc. 84.

Although the crossclaims may have been properly brought under FED. R. CIV. P. 13(g) and the Court may have authority to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a), the Court is declining to exercise supplemental jurisdiction. This is because the Court believes that this case presents exceptional circumstances and there are compelling reasons to decline supplemental jurisdiction over the crossclaims. *See* 28 U.S.C. § 1367(c)(4). Defendant Ana Julia Yepez Freire has not been represented by counsel authorized to practice before this Court. She was apparently represented by her brother in a telephone conference for the purpose of conferring on the Form 52 Report. Defendant Ana Julia Yepez Freire did not resist the motion for summary judgment or appear at the scheduled motions and pretrial hearing concerning the interpleader action. The interpleader action has been resolved. But for the interpleader action, the Court would not have had jurisdiction over the claims the residents and citizens of the Republic of Colombia have asserted against Defendant Ana Julia Yepez Freire, a resident and citizen of the Republic of Ecuador. The Court believes that under the circumstances of this case it would be inequitable for Defendant Ana Julia Yepez Freire to have to defend the state law claims in this inconvenient forum. *See Gaines v. Sunray Oil Co.*, 538 F.2d 1136 (8th Cir. 1976). In consideration of all the circumstances surrounding this case, the Court is declining to exercise supplemental jurisdiction over the crossclaims of the Defendants. Accordingly.

**IT IS ORDERED** that the crossclaims in this action are dismissed.

Dated this 30th day of March, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
              Deputy

2